# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER NALL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Case No. 4:15CV259** |
| | § | |
| **CENLAR, FSB** | § | |
| | § | |
| **Defendant.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## AND ORDER ABATING RULE 26(f) DEADLINES

Now before the Court is the Motion to Dismiss of Cenlar FSB (Dkt. 7). As set forth below, the Court finds that the motion should be GRANTED.

Plaintiff's Original Verified Petition – which has not been amended since removal – asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, regarding the real property located at 908 Alfred Dr., Wylie, Texas 75098 ("the Property"). *See* Dkt. 3.[1] According to Plaintiff's petition, Defendant claims to be "the owner and/or holder and/or mortgage servicer for the owner and/or holder with regard to the note" on the Property. Dkt. 3 at ¶12. Plaintiff states that he seeks a validation of the debt and to obtain an accounting of all payments, credits, set-offs and default insurance proceeds to have been applied to Plaintiff's account since June 2006. Plaintiff further states that he has not received the name of the "holder in due course" for whom Defendant

---

[1]The Court notes that this petition was filed by Plaintiff *pro se.* Since its filing, however, counsel appeared on Plaintiff's behalf. *See* Dkt. 1-11.

is attempting to collect the debt.  Plaintiff also seeks a restraining order stopping foreclosure on the Property.

In its motion, Defendant argues that Plaintiff has not stated a claim.  Specifically, Defendant argues that Plaintiff has not asserted any facts to support a claim under the Federal Fair Debt Collection Practices Act ("FDCPA") because Plaintiff does not allege any facts that would show that Defendant is "debt collector."  Defendant further argues that Plaintiff has not alleged any facts to establish any obligation to respond to a dispute under the FDCPA.  Defendant also asserts that Plaintiff has not alleged sufficient facts to support a claim for injunctive relief.

Defendant's motion was filed on May 7, 2015.  When no response was timely filed, this Court entered an order indicating that if Plaintiff did not respond to the motion to dismiss on or before June 3, 2015, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly.  *See* Dkt. 8.  Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."  E.D. TEX. L. R. CV-7(d).

Plaintiff did not file a response or take any other action to address the deficiencies in his pleadings by the Court's deadline, and the motion is ripe for resolution.

## STANDARD

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff.

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule

12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the

complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d

929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that

the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the

satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds

of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the

elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive,

so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability."

*Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570,

127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the

court to draw the reasonable inference that the defendant is liable for the alleged misconduct.

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations

omitted). Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which

"a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

**ANALYSIS**

The Court has reviewed Defendant's dismissal arguments and, without any argument to the contrary from Plaintiff, finds that they are well-founded and supported by applicable authority. Generally, "mortgage lenders are not 'debt collectors' within the meaning of the FDCPA." *Montgomery v. Wells Fargo Bank, N.A.*, 459 Fed. App'x 424, 428, (5th Cir. 2012) (citing *Williams v. Countrywide Home Loans, Inc.,* 504 F. Supp.2d 176, 190 (S.D. Tex. 2007) *aff'd,* 269 Fed. App'x 523 (5th Cir. 2008)). The same is true for mortgage servicing companies. *See Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp.2d 451, 456 (E.D. Tex. 2011). In fact, the FDCPA expressly excludes from its definition of debt collector: "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). As noted by the Fifth Circuit, "this FDCPA exclusion encompasses mortgage servicing companies and debt assignees as long as the mortgage was not in default at the time it was assigned by the originator." *Miller v. BAC Home Loans Serv., L.P.*, 726 F.3d 717, 723 (5th Cir. 2013) (alterations, citations and quotations omitted).

Plaintiff has not stated facts that show how Defendant qualifies as a debt collector, and his claim under the FDCPA does not go beyond mere "labels and conclusions." *Twombly*, 550 U.S. at

555. Indeed, Plaintiff has failed to provide any argument in response to show how his FDCPA claims are sufficiently stated. As such, the FDCPA claim should be dismissed.

As to any challenges by Plaintiff to Defendant's authority to foreclose, it is also well-settled that a party need not prove ownership in the note to foreclose. *Martins v. BAC Home Loans, Serv., LP*, 722 F.3d 249, 254-55 (5th Cir. 2013).

Finally, because Plaintiff has not shown a likelihood of success on the merits of his FDCPA claims, there is no basis for injunctive relief regarding Plaintiff's request to stop any foreclosure on the Property.

Having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that the Motion to Dismiss of Cenlar FSB (Dkt. 7) should be GRANTED and that Plaintiff's claims should be dismissed for failure to state a claim.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

*The deadlines set forth in the Court's April 28, 2015 Order to Conduct Rule 26(f) Conference (see Dkt. 6) are hereby ABATED pending the District Judge's consideration of this report and recommendation. Should the matter not be dismissed, the parties are directed to file their Rule 26(f) report order within ten (10) days of the District Judge's disposition of the motion to dismiss.*

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of June, 2015.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE